IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELTON SUMMERVILLE,            )
                               )
    Plaintiff,                 )
                               )
    v.                         )    1:05CV00101
                               )
LOCAL 77 and                   )
AMERICAN FEDERATION OF STATE,  )
COUNTY AND MUNICIPAL EMPLOYEES,)
                               )
    Defendants.                )

MEMORANDUM OPINION

OSTEEN, District Judge

    Plaintiff Melton Summerville, proceeding pro se, filed this action against Defendants Local 77 and the American Federation of State, County and Municipal Employees ("AFSCME") alleging fraud and breach of contract. Defendants have each filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has filed a motion for summary judgment, as well as a motion to amend his response to Defendants' motions. Additionally, Local 77 has filed a motion to strike and for sanctions.

I. BACKGROUND

    When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). The amended complaint sets out the following factual allegations.

Local 77 is a local bargaining unit for the AFSCME, representing service employees of Duke University ("Duke"). Plaintiff Summerville is an employee of Duke and a member of Local 77. On June 30, 2002, Local 77 held a meeting to vote on the ratification of a new contract. At the meeting, Local 77's president, Carlos McCovey,[1] represented to the membership that Duke would not offer health care benefits to new hires unless they approved a wage increase of 2.0% for the first year of the contract, rather than an increase of 2.4%. The membership voted to accept the lower wage increase and to retain coverage for new hires. In fact, Mr. McCovey's statement about the offer from Duke was not true, and the union could have voted to accept the larger wage increase. As a result, Plaintiff, who worked under the new contract, received the smaller wage increase rather than the larger. The AFSCME knew that Local 77 had made false statements and allowed Local 77 to proceed under the new contract, thereby denying Plaintiff the opportunity to cast an informed vote for or against the contract. Additionally, when Plaintiff challenged Local 77's actions through the AFSCME's dispute resolution procedures, he was denied a fair trial.

Although it is not mentioned in the amended complaint, Plaintiff filed an earlier action in this district against the same defendants, challenging the validity of AFSCME's dispute resolution process. The matter was resolved against Plaintiff on

---

[1] Although he is named in the complaint as McCovey, other filings indicate that the individual's name was McCovery.

summary judgment.  Plaintiff filed this action shortly after the resolution of his first case.

II.  ANALYSIS

Shortly after the original complaint was filed, each defendant filed a motion to dismiss.  After filing a response to these motions, Plaintiff filed a motion to amend his response.  Subsequently, Plaintiff amended his complaint, and each defendant re-filed a motion to dismiss.[2]  Plaintiff later filed a motion for summary judgment.  After viewing a subsequent filing by Plaintiff related to that motion, Local 77 filed a motion to strike the filing under Rule 12(f) and for sanctions under Rule 11.  The court will primarily discuss the motions to dismiss and will discuss the other motions only briefly.

    A.   Motions to Dismiss

A court should dismiss a case for failure to state claim upon which relief can be granted "only in very limited circumstances."  Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).  Dismissal should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  A statute of limitations defense is appropriate when raised in a motion to dismiss for failure to state a claim.  See

---

[2] As Defendants recognized, the amendment of the complaint rendered the original motions to dismiss moot.

Pantry Pride Enters., Inc. v. Glenlo Corp., 729 F.2d 963, 965 (4th Cir. 1984).

Defendants argue that the claims against them should be dismissed because Plaintiff failed to comply with the applicable statute of limitations. They first assert that Plaintiff's state law claims are preempted by federal law regarding a union's duty of fair representation. They then argue that the statute of limitations for claims for the breach of duty of fair representation is six months. In opposition, Plaintiff argues that his claims of fraud and breach of contract are made under North Carolina law and should be controlled by the statute of limitations found in North Carolina law.[3]

Regarding preemption, although Plaintiff has stated his claims under two state law theories of wrongdoing, fraud, and breach of contract, Defendants argue that Plaintiff has essentially alleged a breach of Defendants' duty of fair representation. The duty of fair representation arises from the union's status as the bargaining agent for union members. "As exclusive bargaining representative for all employees in the bargaining unit, a union has the duty to treat every member of the union fairly, both in the process of collective bargaining

---

[3] A portion of Plaintiff's argument is made in Plaintiff's "Second Amended Response" to the motion to dismiss. There is an outstanding motion by Plaintiff to allow this amendment. Defendants challenge the amendment as untimely. The court has considered the amendment and determined that it does not change the outcome of the case. Because there is no prejudice to Defendants from the acceptance of the amendment, the motion will be granted.

4

and in the administration and enforcement of the collective bargaining agreement."  Smith v. Local 7898, United Steelworkers of Am., 834 F.2d 93, 96 (4th Cir. 1987) (citing Vaca v. Sipes, 386 U.S. 171, 177, 87 S. Ct. 903, 909 (1967)).  A union fails in its duty of fair representation when "its conduct toward any of its members [is] 'arbitrary, discriminatory, or in bad faith.'" Jeffreys v. Communications Workers of Am., 354 F.3d 270, 274 (4th Cir. 2003) (quoting Vaca, 386 U.S. at 190, 87 S. Ct. at 916).  A union representative acts in bad faith when the representative engages in "fraud, or deceitful or dishonest action."  Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1463, 1470 (10th Cir. 1993), cited in Jeffreys, 354 F.3d at 276. Federal law governs the duty of fair representation, and a state law claim is preempted if the claim invokes rights within the scope of a union's duty of fair representation.  Thomas v. National Ass'n of Letter Carriers, 225 F.3d 1149, 1158 (10th Cir. 2000); BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 830 (1st Cir. 1997); Richardson v. United Steelworkers of Am., 864 F.2d 1162, 1165-67 (5th Cir. 1989).

Plaintiff's claims fall within the scope of the duty of fair representation.  At the core of Plaintiff's allegations is the claim that the president of Local 77 knowingly made false statements at the ratification meeting, with the result that the union members voted to accept a lower wage increase than they might otherwise have earned.  For a union representative,

5

accurate representation to the union members of the nature of a
potential agreement with an employer is a central responsibility.
If the representative is to function as an agent of the union
members, the union members must have accurate information
regarding the status of the collective bargaining.  Assertions
made by the representative to the members are an area in which
the representative's status as exclusive bargaining agent creates
special responsibility, and they fall within the scope of the
duty of fair representation.  Furthermore, fraudulent statements,
as alleged here, qualify as a breach of that duty.  The duty is
breached by actions taken in bad faith, which includes within its
definition fraud and deceitful activity.  Thus, if true, the
conduct alleged by Plaintiff would constitute a breach of the
duty of fair representation.  For this reason, Plaintiff's claims
under state law are preempted and will be treated as claims under
federal law.

     Having so concluded, the court must determine the proper
statute of limitations to apply in this case.  There is no
federal statute of limitations specifically applicable to a claim
for breach of the duty of fair representation.  In such a
situation, courts will generally "apply the most closely
analogous statute of limitations under state law."  <u>DelCostello
v. International Bhd. of Teamsters</u>, 462 U.S. 151, 158, 103 S. Ct.
2281, 2287 (1983).  There is an exception to the general rule
when the state law statute of limitations is in conflict with the
purpose of the federal law; in such cases, the courts may look to

federal law for an appropriate limitations period. Id. This is a narrow exception to the rule, and application of federal law will be unusual. Reed v. United Transp. Union, 488 U.S. 319, 324, 109 S. Ct. 621, 625 (1989).

Plaintiff urges the court to adopt the statute of limitations applicable to fraud and breach of contract actions. In North Carolina, the limitations period is three years. N.C. Gen. Stat. § 1-52. Were the court to apply this limitations period, Plaintiff's action would be timely.

Defendants urge the court to follow DelCostello, in which the Supreme Court adopted, for a fair representation case, the six month statute of limitations from section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b). DelCostello involved a "hybrid § 301/fair representation claim," that is, simultaneous claims against an employer for a breach of the collective bargaining agreement under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and against the union for breach of the duty of fair representation for problems with the grievance process. 462 U.S. at 163-65, 103 S. Ct. at 2290-91. The Court noted that both breaches of a union's duty of fair representation and violations of a collective bargaining agreement could be characterized as unfair labor practices. See id. at 170, 103 S. Ct. at 2293-94. The Court also placed weight on the "close similarity of the considerations relevant to the choice of limitations period" in hybrid and unfair labor practices claims. Id. at 170-71, 103 S. Ct. at 2294.

7

Specifically, it noted that "'[i]n § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system.'" Id. (quoting United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 70-71, 101 S. Ct. 1559, 1567-68 (1981) (Stewart, J., concurring in the judgment)). The Court indicated that the same balance of interests applied in the hybrid claim, suggesting that the statute of limitations period from § 10(b) was tailored to the hybrid claim. Id. Accordingly, the Court adopted the six-month period. Id. Following DelCostello, courts have applied the six-month period to non-hybrid claims, as well. See, e.g., Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (applying the limitation period to a claim of breach of duty of fair representation under the Railway Labor Act); Nellis v. Air Line Pilots Ass'n, 815 F. Supp. 1522, 1534-35 (E.D. Va. 1993) (same).

The Court visited the statute of limitations question a second time in Reed, in which it considered the appropriate statute of limitations period for a claim under section 101(a)(2) of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2).[4] See 488 U.S. at 321, 109 S. Ct. at

---

[4] "Section 101(a)(2) implements a federal policy . . . to guarantee free speech and association rights in order to further
(continued...)

8

623-24. The Court rejected the six-month period from § 10(b) of the NLRA and adopted the state statute of limitations. In so doing, the Court distinguished DelCostello. Id. at 327-33, 109 S. Ct. at 627-30. The Court indicated that there was only a tangential relationship between the interests protected by section 101(a)(2) of LMRDA and the policy favoring stable bargaining relationships and private dispute resolution. Id. at 330, 109 S. Ct. at 628. It further noted that the LMRDA claim "involve[d] an internal union dispute not directly related in any way to collective bargaining or dispute settlement under a collective-bargaining agreement." Id., 109 S. Ct. at 629. The Court placed emphasis on the fact that the balance of national interests and the employee's interest described in DelCostello did not apply to the claim under LMRDA because the LMRDA invoked an additional interest on the part of the plaintiff, that is, the plaintiff's interest in free speech. Id. at 333, 109 S. Ct. at 630. It concluded that, for LMRDA, the state statute of limitations was more appropriate than that from § 10(b). Id. at 334, 109 S. Ct. at 630.

In light of this precedent, the court concludes that the six-month statute of limitations is appropriate in this case. Although Plaintiff's claims are directed at his union, they are not truly internal matters; rather, they implicate the relationship between the union and Duke. Plaintiff has alleged

---

[4](...continued)
union democracy . . . ." Reed v. United Transp. Union, 488 U.S. 319, 332, 109 S. Ct. 621, 629 (1989)

9

the leadership of Local 77 fraudulently induced the membership to enter into a contract with Duke, and, in the process, the membership was denied the opportunity to make an informed vote on the contract. These allegations challenge the validity of the contract. Although Plaintiff's claims are personal, a contract that is invalid as to one member of the union is invalid as to all members. Thus, the national interest in stable bargaining relationships is implicated here, though the national interest in private dispute settlement is not involved. Additionally, Plaintiff's interest here is essentially in "setting aside what he views as an unjust settlement under the collective-bargaining system." He is attempting to set aside the contract between the union and Duke, in the sense that he seeks to receive the wages that he believes he would have received had another contract been accepted. Finally, unlike <u>Reed</u>, in which the plaintiff's free speech rights were implicated, none of Plaintiff's other rights are at issue here. Although he alludes to being deprived of his right to vote on the contract, the amended complaint indicates that he did have the opportunity to vote but that he was unhappy about the offer put to the union for a vote. This allegation is more readily characterized as displeasure with the agreement than deprivation of the right to vote. Because Plaintiff's cause of action implicates the national interest in stable bargaining relationships and because the balance of interests is equivalent to that described in <u>DelCostello</u>, the court concludes that the six-month statute of limitations derived from § 10(b) of the NLRA

10

is applicable to Plaintiff's cause of action for breach of the duty of fair representation.

Because of the timing of the filing of the complaint, it is not necessary to determine precisely when Plaintiff's cause of action arose.  At the latest, it would have arisen on April 23, 2003, when the AFSCME issued its decision on the dispute resolution process initiated by Plaintiff.  On that date, Plaintiff knew that the agreement would be upheld against his internal challenge.  Plaintiff filed this action on February 4, 2005, which was outside the six-month period.  Accordingly, Plaintiff's action will be dismissed.  This decision renders Plaintiff's motion for summary judgment moot.

    B.   Motion to Strike and for Rule 11 Sanctions

Defendants have asked the court to strike language found in Plaintiff's "Third Response to the Defendant's Motion To Dismiss or Summary Judgment," and they have asked the court to enter sanctions against Plaintiff for the inclusion of that language.  Specifically, they refer to language suggesting that Defendants' counsel committed perjury.  The court concludes that it is not appropriate to strike the language or to grant sanctions.

The motion to strike is made under Federal Rule of Civil Procedure 12(f), which authorizes a court to strike "any redundant, immaterial, impertinent or scandalous matter."  The motion for sanctions is made under Rule 11, which authorizes sanctions when, among other circumstances, a party makes a submission to the court "for any improper purpose."  Defendants

11

Case 1:05-cv-00101-WLO   Document 41   Filed 07/11/06   Page 11 of 12

suggest that the perjury language is both scandalous and made for an improper purpose. Were Plaintiff not proceeding pro se, the court would be inclined to agree. However, in light of his status, Plaintiff will not be held to the strictest standard. Furthermore, the basis of Plaintiff's claim of perjury is stated in the text of the filing and clearly does not state a case of perjury or even wrongdoing on the part of Defendants' counsel; the filing presents no threat to counsel's reputation. Although the court agrees with Defendants that Plaintiff's behavior in this case has not been exemplary, the court will deny the motion to strike and for sanctions.

III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss and Plaintiff's Motion to Amend His Response to the Defendants' Motion to Dismiss will be granted and Plaintiff's Motion for Summary Judgment and Defendants' Motion to Strike and for Sanctions will be denied.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 11th day of July 2006.

/s/ William L. Osteen
United States District Judge

12

Case 1:05-cv-00101-WLO   Document 41   Filed 07/11/06   Page 12 of 12